IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RICKEY GIVENS,**
**ADC # 143148**                                                                                                        **PLAINTIFF**

**v.**                         **Case No. 4:21-cv-00847-KGB-JTR**

**ARKANSAS DEPARTMENT OF CORRECTION,** *et al.*                   **DEFENDANTS**

**ORDER**

Before the Court are the Partial Recommended Disposition ("Recommendation") filed by United States Magistrate Judge J. Thomas Ray and plaintiff Ricky Givens' motion for leave to file amended complaint ("motion to amend") (Dkt. Nos. 4; 6). The Court reviews the procedural posture of this case and addresses the Recommendation and the motion to amend below.

**I.**     **Procedural Posture**

Mr. Givens filed a complaint pursuant to 42 U.S.C. § 1983 against defendants Arkansas Department of Correction ("ADC"), Dexter Payne, Wrightsville Correctional Unit ("WCU"), Keven Tomas, Monticello Hospital, and Doe Defendants, alleging depravation of his constitutionally protected rights (*See generally* Dkt. No. 2). Judge Ray submitted his Recommendation on October 5, 2021, recommending that this Court dismiss without prejudice Mr. Givens' claims against defendants ADC, Dexter Payne, WCU, Doe Defendants, and the Monticello Hospital (Dkt. No. 4, at 6). Judge Ray also recommended allowing Mr. Givens to proceed with his excessive force claim against defendant Mr. Tomas (*Id.*). The parties had 14 days from the entry of the Recommendation to file objections; neither party filed objections within that time period.

On October 7, 2022, attorney Matt Kezhaya entered an appearance on behalf of Mr. Givens and filed a motion to amend Mr. Givens' complaint on October 25, 2022 (Dkt. Nos. 5–6). To

support the motion to amend, Mr. Kezhaya represents that Mr. Givens provided him with a five-page letter providing "support for the claims Judge Ray recommended be dismissed without prejudice, plus claims related to retaliation for reporting" Mr. Tomas for allegedly whipping Mr. Givens with a belt (Dkt. No. 6, at 1).  Mr. Givens states that amending his complaint will allow him to "cure" his "*pro se* claims and add additional claims" (*Id.*).  There was no proposed amended complaint attached to Mr. Givens' motion for leave to amend as required by Local Rule 5.5(e) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas.

Mr. Givens, without direction from this Court, filed his first amended complaint on December 30, 2022, listing only Mr. Tomas as a defendant and adding claims "for assault, battery, and outrage" (Dkt. No. 9).

**II.     Judge Ray's Recommendation**

The Court, having carefully reviewed the Recommendation and Mr. Givens' subsequent filings as well as the record *de novo*, approves, and adopts the Recommendation as this Court's findings in all respects (Dkt. No. 4).   The Court acknowledges that Mr. Givens' motion to amend indicates that there is evidence to support the claims Judge Ray recommends dismissing. However, the expired deadline for filing objections to the Recommendation, Mr. Givens' decision to file an amended complaint listing only Mr. Tomas as a party, and Mr. Givens' opportunity to seek leave to amend further his complaint if investigation and discovery warrant weigh in favor of allowing the dismissal of the claims against the ADC, Dexter Payne, the WCU, Monticello Hospital, and Doe Defendants at this time (Dkt. No. 9, at 3).

### III.  Mr. Givens' Subsequent Filings

The Court next considers whether to grant Mr. Givens' request to amend his complaint (Dkt. No. 6).  Federal Rule of Civil Procedure 15(2) allows a party to amend a pleading only with the opposing party's written consent or the Court's leave.  Rule 15(2) also notes that the Court should freely give leave when justice so requires.  For good cause shown, the Court grants Mr. Givens' motion to amend to the extent that the amendments requested are those amendments reflected in his first amended complaint (Dkt. Nos. 6; 9).  The Court directs that Mr. Givens' first amended complaint (Dkt. No. 9) is now Mr. Givens' operative complaint.

### IV.  Conclusion

For these reasons, the Court adopts Judge Ray's Recommendation and grants Mr. Givens' motion to amend (Dkt. No. 4; 6). Mr. Givens' first amended complaint (Dkt. No. 9) shall be his operative complaint moving forward.   The referral of this matter to Judge Ray for screening and pretrial matters remains in effect.

It is so ordered this 2nd day of February, 2023.

/s/ Kristine G. Baker
Kristine G. Baker
United States District Judge